ICH6GAFC

1    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x

3    UNITED STATES OF AMERICA,

4              v.                        18 CR 693(RMB)

5    RICHARD GAFFEY,

6              Defendant.               Conference

7    ------------------------------x
                                        New York, N.Y.
8                                       December 17, 2018
                                        2:20 p.m.
9

10   Before:

11
                      HON. RICHARD M. BERMAN,
12
                                        District Judge
13
                      APPEARANCES
14
     GEOFFREY S. BERMAN
15        United States Attorney for the
          Southern District of New York
16   BY:  NATHAN M. REHN
          SARAH E. PAUL
17        Assistant United States Attorneys

18   HOGAN LOVELLS, LLP
          Attorneys for Defendant
19   BY:  WILLIAM LOVETT
          ROBERT B. BUEHLER
20
     Also Present:  Michael Parker, DOJ
21

22

23

24

25

ICH6GAFC

1            (In open court; case called)

2            THE COURT:  Please be seated.

3            This is our first meeting.  I will start with the

4    government, what has transpired so far, which is to say what

5    proceeding has occurred already in Boston I think?

6            MS. PAUL:  Yes, your Honor.  So thus far the defendant

7    was arrested on December 4th in Medfield, Massachusetts.  He

8    appeared in the District of Massachusetts and was released on

9    bail.  This morning he came here to the Southern District of

10   New York.  He appeared in magistrate court's here, and we were

11   just before Judge Freeman who set very similar bail conditions.

12           THE COURT:  Was he arraigned?

13           MS. PAUL:  He was not arraigned yet, your Honor.

14           THE COURT:  Counsel, I have a couple questions for you

15   and your client.  Nice to see you.

16           Which of you is from Boston and which from New York?

17           MR. LOVETT:  Good afternoon, your Honor.  William

18   Lovett on behalf Richard Gaffey.

19           THE COURT:  By elimination.

20           MR. BUEHLER:  I am from New York.  You can probably

21   tell from the accents.

22           THE COURT:  So let me go over all the possible

23   questions, and tell me whether they are relevant in this

24   proceeding or not.

25           Has your client, Mr. Gaffey, been advised of his

ICH6GAFC

1    rights in this proceeding in either magistrate's court --

2           MR. LOVETT:  Yes, your Honor, in both courts.

3           THE COURT:  Has he been advised of the charges against

4    him in either or both of those courts?

5           MR. LOVETT:  Yes, your Honor, both proceedings.

6           THE COURT:  As you said before, bail conditions were

7    set and confirmed in both those courts?

8           MR. LOVETT:  Yes, your Honor.

9           THE COURT:  You are as counsel privately retained, I

10   take it?

11          MR. LOVETT:  Yes.

12          THE COURT:  Was he advised of the rights that he has

13   that he can remain silent and doesn't have to answer questions?

14          MR. LOVETT:  Yes, your Honor.

15          THE COURT:  That he was not required to make any

16   statements?

17          MR. LOVETT:  Yes, your Honor.

18          THE COURT:  And that anything that he might say can be

19   used against him?

20          MR. LOVETT:  Yes, your Honor.

21          THE COURT:  And even if he made any statements to the

22   authorities, he need not make any further statements?

23          MR. LOVETT:  Yes, your Honor.

24          THE COURT:  Mr. Gaffey, do you understand those

25   rights?

ICH6GAFC

1            THE DEFENDANT:  Yes, your Honor.

2            THE COURT:  I take it that counsel and Mr. Gaffey have

3    received a copy of the indictment in this case?

4            MR. LOVETT:  Yes, your Honor.

5            THE COURT:  Counsel, have reviewed it with Mr. Gaffey?

6            MR. LOVETT:  Yes, your Honor.

7            THE DEFENDANT:  Yes.

8            THE COURT:  Mr. Gaffey, you went over that indictment

9    with your attorneys?

10            THE DEFENDANT:  Yes.

11            THE COURT:  Did you want me to read it today, or did

12    you want to waive the public reading of the indictment?

13            MR. LOVETT:  We'll waive reading.

14            THE COURT:  What plea, Mr. Gaffey, would you like to

15    enter, guilty or not guilty?

16            THE DEFENDANT:  Not guilty, your Honor.

17            THE COURT:  Anything that the government wanted me to

18    cover that I didn't cover?

19            MS. PAUL:  Not with respect to that portion of the

20    proceeding.  Thank you.

21            THE COURT:  This portion, this proceeding?

22            MS. PAUL:  Yes, your Honor.

23            THE COURT:  I gotcha.

24            So what do you all think?  I imagine that the

25    government counsel and defense counsel have talked about next

ICH6GAFC

1    steps and a probable time frame.

2             MS. PAUL:  We have, your Honor.  Let me present a

3    summary of what is at issue right now and what we discussed

4    with the defense so thus far.

5             First with respect to discovery, I do want to flag for

6    the Court, and I have flagged it for defense counsel, there are

7    classified materials at issue in this case.  So the government

8    plans to file a Section 2 motion for pretrial conference under

9    the Classified Information Procedures Act.

10             THE COURT:  Okay.

11             MS. PAUL:  We anticipate filing that motion shortly.

12             With respect to the unclassified materials that are at

13    issue in the case, the volume of the unclassified discovery is

14    substantial.  It's probably between 500 gigabytes and one

15    terabyte.  That is the estimate I have at this time.  It

16    consist of numerous subpoena returns, evidence seized in the

17    course of several search warrants including a search warrant

18    executed on Elder Gaffey & Paine, which is the defendant's

19    accounting firm, and there are a number of materials including

20    some international materials received from other countries.

21             We have been talking with our tech people at the U.S.

22    Attorney's Office and have put them in touch with defense

23    counsel's tech people.  So they have been speaking about the

24    mechanics of how to make the production.  Right now we have the

25    vast majority of the materials loaded onto an electronic

ICH6GAFC

1    database.  So we'll be working to produce the materials from

2    there.

3            There are some documents on the database that the

4    investigative team cannot see because we have a filter team of

5    attorneys that has been working on reviewing documents for

6    privilege.  So some of these documents will be discoverable as

7    well.  For instance I will give the Court one example.  Some of

8    the search warrant documents seized from Elder, Gaffey & Paine

9    have been withheld from our filter team, but they will be

10   produced to the defendant.

11           So we've been working to get that done.  In speaking

12   with our people we think we can begin to make that production

13   in approximately one month's time and have it be substantially

14   completed within two months' time.

15           I will not for the Court there are some additional

16   materials that we expect to be discoverable and that we haven't

17   yet received.  One that comes to mind is that there is a

18   response we're expecting to get from Germany in response to an

19   MLAT request and additional documents from Rothchild Bank that

20   we think we will be getting shortly that have been the subject

21   of motion practice.  So there are a couple of others things;

22   but with respect to what we already have, we think that that

23   time frame is reasonable and doable.  That production will

24   begin in about a month and be completed within two months.

25           That is the lay of the land with respect to discovery.

7

ICH6GAFC

1   In terms of other topics, there are three other defendants

2   named in the indictment.  Two of them have been arrested

3   overseas.  One, Mr. Brauer, was arrested in France.  And other,

4   Mr. Von der Goltz was arrested in the United Kingdom.  We're in

5   the process of seeking the extradition of both.  I don't have a

6   time frame for your Honor right now as to when we expect that

7   to be completed, but they have been arrested and the process

8   has begun.

9           THE COURT:  Excuse me.  That is an extradition process

10  formally as we know it?

11          MS. PAUL:  We are in the process of preparing the

12  extradition materials and that is moving along.

13          THE COURT:  Got it.

14          MS. PAUL:  The government does anticipate that in

15  addition to the Section 2 motion that we'll be filing --

16          THE COURT:  Excuse me.  Before you get to that, there

17  was another defendant?

18          MS. PAUL:  Oh, yes.  The final defendant, Mr. Owens,

19  has not been arrested in this case.  Our understanding is that

20  he is in Panama.

21          THE COURT:  He is in?

22          MS. PAUL:  Panama.

23          THE COURT:  Panama.

24          MS. PAUL:  In terms of other upcoming motions by the

25  government, we do intend to file a crime fraud motion in the

8

ICH6GAFC

1   near future, which would be based at least in part on documents

2   we received during the search on Elder, Gaffey & Paine and

3   perhaps some other materials as well.  We intend to speak with

4   the defense.  We flagged already for them that we intend to

5   file that and we'll speak with them further about the timing of

6   that.

7           THE COURT:  Okay.

8           MS. PAUL:  So with all that, I think from the

9   government's perspective it would make sense to set a status

10   conference perhaps about three months out and to then check in

11   to see where we are with regard to the discovery, defense's

12   review of the discovery, the extradition of the other

13   defendants, and the upcoming motions.

14           THE COURT:  Just for my information what were the

15   conditions of bail that were set?

16           MS. PAUL:  Yes, your Honor.  The conditions set by

17   Judge Freeman were that the defendant had to surrender his

18   travel documents and make no new applications.  His travel is

19   restricted to the continental United States.  He has to report

20   as directed to the Southern District of New York for court

21   proceedings and he must maintain his current residence and not

22   move without prior permission.  He will be supervised as

23   directed out of this district either via phone or Internet.

24           THE COURT:  Out of S.D.N.Y.?

25           MS. PAUL:  Yes.  Unless Pretrial determines that more

ICH6GAFC

1    intensive supervision is required, in which case it might be

2    transferred to the District of Massachusetts.

3              THE COURT:  Got it.

4              MS. PAUL:  I believe also the defendant is required to

5    refrain from possessing any firearm, destructive device, or

6    other dangerous weapon.

7              THE COURT:  Okay.  I didn't mean to interrupt you

8    before.  Were you finished?

9              MS. PAUL:  No, I think I have covered everything that

10   the government has at the moment, your Honor.

11             THE COURT:  Defense counsel, how does that all sound

12   to you in terms of proceedings and timing?

13             MR. LOVETT:  I think the timing make sense.  We'll be

14   evaluating whether we'll be filing some motions.  I think it is

15   premature at this time to know if this will be the case.  I

16   will raise with the Court that my client does have prepaid

17   travel plans that involves a vacation with his wife in February

18   and I raised that with the government.  It is international

19   travel to Mexico and the Cayman Islands.  I will be filing some

20   papers with the Court seeking permission to have him go on the

21   trips.  His passport is currently in the U.S. Probation Office

22   in Boston.

23             THE COURT:  Are you familiar with the trip detail,

24   government?

25             MS. PAUL:  Yes.  Defense counsel did flag that for us.

ICH6GAFC

```
1    I will note the government objects to any international travel

2    by the defendant.

3              THE COURT:  Oh, you do.  So no action to take at this

4    time.

5              Let me give you a date.  How does March 12th sound to

6    everybody at 11:00?

7              MS. PAUL:  That's fine for the government.

8              MR. BUEHLER:  Your Honor, we don't have our calendars

9    with us.  What day of the week is March 12th?

10             THE COURT:  Tuesday.

11             MR. BUEHLER:  We think that works for us.

12             THE COURT:  If it doesn't, just let us know.  Talk to

13   the government first and if you have an alternate date, run it

14   by them.

15             MR. BUEHLER:  We'll do.  Assuming you don't hear from

16   us, we'll be present.

17             THE COURT:  March 12th, 2019, at 11:00 a.m.

18             The only remaining issue is the speedy trial.  Is

19   there an issue or application by the government with respect to

20   speedy trial?

21             MS. PAUL:  Yes, your Honor.  The government does move

22   to exclude speedy trial time between today and March 12th so

23   that discovery can be produced and reviewed by the defense and

24   so the parties can begin to contemplate and file any motions.

25             THE COURT:  I am going to find under 18, United States
```

ICH6GAFC

1    Code, Section 3161 that the request for adjournment to and

2    including March 12th, 2019, joined in both by the government

3    and defense counsel is appropriate and warrants exclusion of

4    the adjourned time from speedy trial calculations.  I further

5    find that the exclusion is designed to prevent any possible

6    miscarriage of justice, to facilitate these proceedings

7    including the discovery process and motion practice, and to

8    guarantee effective preparation for counsel of the defense and

9    the government.  Thus, the need for exclusion and the ends of

10   justice outweigh the interest of the public and the defendant

11   in a speedy trial pursuant to 18, United States Code, Section

12   3161(h)(7)(A)(8).

13          Unless anybody has anything further to raise, that is

14   it for today.

15          MR. LOVETT:  No, your Honor.

16          MR. BUEHLER:  Very briefly, your Honor, some guidance

17   from your Honor.  If Mr. Gaffey wishes not to attend the

18   March 12th conference --

19          THE COURT:  I think it is premature to make that

20   decision now.  Let's see where we are or are aiming for and we

21   can talk about that as we get closer to the date.

22          MR. BUEHLER:  Very good.  Thank you.

23          THE COURT:  Nice to see you all.

24          MS. PAUL:  Thank you, your Honor.

25                              o0o