**Hogan Lovells**

Hogan Lovells US LLP
875 Third Avenue
New York, NY 10022
T  +1 212 918 3000
F  +1 212 918 3100
www.hoganlovells.com

February 19, 2019

The Honorable Richard M. Berman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   **United States v. Richard Gaffey**
      **18 Cr. 693 (RMB)**

Dear Judge Berman,

We represent defendant Richard Gaffey in the above-referenced matter and are writing to respectfully request that the Court modify his bail conditions a second time in order to permit Mr. Gaffey to travel to Grand Cayman Island for a trip that he and his wife take annually with a group of close friends. Significantly, this request follows Mr. Gaffey's return to the United States from an earlier trip outside of the country that the Court had previously permitted Mr. Gaffey to take. Along with Mr. Gaffey's extremely strong ties to the community, his timely return to the United States demonstrates that Mr. Gaffey is not a flight risk and that he will closely follow the Court's orders. For these reasons, the Court should permit Mr. Gaffey to travel to the Cayman Islands under the same terms and conditions of his first trip outside of the United States.

As the Court will recall, in a letter dated January 8, 2019, counsel requested that the Court modify Mr. Gaffey's bail conditions to allow him to travel with his wife on two international trips. The first trip was to Rivera Maya, Mexico, to celebrate his wife's birthday and the couple's 50th wedding anniversary, while the second trip was the upcoming trip to Grand Cayman Island (Dkt # 25). After hearing argument from the parties on January 24, 2019, the Court granted Mr. Gaffey's request to travel to Mexico on the condition that he execute a personal recognizance bond secured by two pieces of real property owned by Mr. Gaffey and his wife (Dkt # 34). The Court reserved its decision with respect to the Cayman Islands trip pending Mr. Gaffey's return from Mexico. Pursuant to the Court's order, Mr. Gaffey and his wife executed a bond that was secured by the two pieces of real estate, and his passport was returned to allow him to travel to Mexico with his wife (Dkt # 35). Mr. Gaffey and his wife returned to the United States from Mexico on February 17, 2019, and counsel has since taken possession of Mr. Gaffey's passport.[1]

---

[1] Counsel attempted to return Mr. Gaffey's passport to Pretrial Services in Boston this morning, but they would not accept the passport because Mr. Gaffey is being supervised out of the Southern District of New York. Subject to the Court's approval, in light of the instant request and the fact that Mr. Gaffey's next trip is scheduled to begin on Saturday, counsel is maintaining possession of the passport pending the Court's ruling on this request. Of course, if the Court would like counsel to return Mr. Gaffey's passport to Pretrial Services in Manhattan in the interim, counsel will promptly do so.

Hogan Lovells US LLP is a limited liability partnership registered in the District of Columbia. "Hogan Lovells" is an international legal practice that includes Hogan Lovells US LLP and Hogan Lovells International LLP, with offices in: Alicante  Amsterdam  Baltimore  Beijing  Birmingham  Boston  Brussels  Colorado Springs  Denver  Dubai  Dusseldorf  Frankfurt  Hamburg  Hanoi  Ho Chi Minh City  Hong Kong  Houston  Johannesburg  London  Los Angeles  Luxembourg  Madrid  Mexico City  Miami  Milan  Minneapolis  Monterrey  Moscow  Munich  New York  Northern Virginia  Paris  Perth  Philadelphia  Rio de Janeiro  Rome  San Francisco  São Paulo  Shanghai  Silicon Valley  Singapore  Sydney  Tokyo  Warsaw  Washington DC  Associated offices: Budapest  Jakarta  Shanghai FTZ  Ulaanbaatar  Zagreb. Business Service Centers: Johannesburg  Louisville.  For more information see www.hoganlovells.com

As discussed at length in counsel's January 8 letter to the Court and during the January 24 bail hearing, Mr. Gaffey has extraordinarily strong ties to the United States, has no assets or property outside of the country, and has no incentive to flee. Any possible concerns that Mr. Gaffey may pose a flight risk are alleviated by the fact that Mr. Gaffey and his wife have executed a bond in the amount of $680,000, secured by his primary residence and the couple's vacation home. Finally, Mr. Gaffey's return to the United States following his prior trip to Mexico establishes that he will abide by the Court's orders. For these reasons, Mr. Gaffey is not a flight risk and should be permitted to travel to the Cayman Islands under the same bail terms that governed his travel to Mexico.

As set forth in the January 8 letter to the Court, Mr. Gaffey's trip to the Cayman Islands was booked on July 30, 2018, long before he learned of his indictment in this case. Mr. Gaffey and his wife are scheduled to depart Boston on JetBlue (flight number 143) at 10:28 am on February 23, 2019, and arrive in Grand Cayman at 3:00 pm. He and his wife are scheduled to stay at the Villas of the Galleon in Grand Cayman for seven nights. Mr. Gaffey and his wife are scheduled to return on March 2, 2019, departing Grand Cayman at 4:00 pm on JetBlue (flight number 142) and arriving in Boston at 8:16 pm.

AUSA Sarah Paul has informed counsel (and has authorized counsel to inform the Court) that the government is continuing to oppose Mr. Gaffey's request to travel to the Cayman Islands for the reasons previously raised with the Court and that the government will not be advancing any new objections. Prior to submitting Mr. Gaffey's initial request in January, counsel contacted his Pretrial Services Officer, Madalyn Toledo, and she informed counsel that Pretrial Services would not be taking a position on the request.

Given Mr. Gaffey's lifelong and deep ties to the community, his lack of any overseas connections or assets, the secured bond, and his prompt return from his recent trip to Mexico, there is absolutely no reason to believe that he is a risk of flight. Accordingly, the Court should approve Mr. Gaffey's request to travel to Grand Cayman Island under his current bail conditions and order that his US passport be returned to him for the sole purpose of taking this trip, with the understanding that he will promptly surrender his passport to Pretrial Services following his return to the United States.

Respectfully submitted,

*[signature]*

Robert B. Buehler

Partner
robert.buehler@hoganlovells.com
D: 212-918-3261