# Exhibit 2



Hogan Lovells US LLP
100 High Street - 20th Floor
Boston, MA 02110
T +1 617 371 1000
F +1 617 371 1037
www.hoganlovells.com

January 7, 2019

<u>Via Electronic and First Class Mail</u>

Sarah Paul
Thane Rehn
Assistant U.S. Attorneys
United States Attorney's Office
1 St. Andrew's Plaza
New York City, NY 10007

**Re:     United States v. Owens, et al., 18 Cr. 693 (RMB)**

Dear Ms. Paul and Mr. Rehn:

        We represent defendant Richard Gaffey in the above-referenced matter.  Pursuant to Federal Rules of Criminal Procedure 12 and 16 and Local Criminal Rule 16.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, we write to request the following discovery, material, or information in the possession, custody, or control of the government, the existence of which is known or, by exercise of due diligence, could be known by the attorneys for the government.[1]

**1.     Defendant's oral statements**

        Pursuant to Fed. R. Crim. P. 16(a)(1)(A) and Local Criminal Rule 16.1, please produce all oral, written or recorded statements, including any handwritten notes, of Mr. Gaffey or any other individual, which the government will seek to attribute to Mr. Gaffey.  This request encompasses statements made by alleged co-conspirators, adoptive admissions, and all other vicarious utterances.

---

[1]        As used throughout this letter, the term "government" includes all branches of the Justice Department, including the Bureau of Prisons, as well as all federal investigative and prosecutorial agencies involved in any way in the investigation and prosecution of the crimes charged in the indictment. *See United States v. Avellino*, 136 F.3d 249, 255 (2d Cir. 1998) ("An individual prosecutor is presumed . . . to have knowledge of all information gathered in connection with his office's investigation of the case and indeed 'has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police.'" (quoting *Kyles v. Whitley*, 514 U.S. 419, 437 (1995)); USAM § 9-5.001.  The scope of the "government" team also extends to all agencies involved "in parallel proceedings or investigations involving the defendant."  Individual Practices of Hon. Richard M. Berman, §4(C)(2)(d).

Hogan Lovells US LLP is a limited liability partnership registered in the District of Columbia. "Hogan Lovells" is an international legal practice that includes Hogan Lovells US LLP and Hogan Lovells International LLP, with offices in: Alicante  Amsterdam  Baltimore  Beijing  Birmingham  Boston  Brussels  Colorado Springs  Denver  Dubai  Dusseldorf  Frankfurt  Hamburg  Hanoi  Ho Chi Minh City  Hong Kong  Houston  Johannesburg  London  Los Angeles  Luxembourg  Madrid  Mexico City  Miami  Milan  Minneapolis  Monterrey  Moscow  Munich  New York  Northern Virginia  Paris  Perth  Philadelphia  Rio de Janeiro  Rome  San Francisco  São Paulo  Shanghai  Silicon Valley  Singapore  Sydney  Tokyo  Warsaw  Washington DC  Associated offices: Budapest  Jakarta  Shanghai FTZ  Ulaanbaatar  Zagreb.  Business Service Centers: Johannesburg  Louisville. For more information see www.hoganlovells.com

\\BOS - 020390/000001 - 1100990 v1

**2.     Defendant's written or recorded statements**

Pursuant to Fed. R. Crim. P. 16(a)(1)(B) and Local Criminal Rule 16.1, please disclose and identify all written or recorded statements made by Mr. Gaffey to any person, including but not limited to any emails, text messages, voice messages, and written correspondence, that are currently in the government's possession, custody, or control. Please also produce any statements made by Mr. Gaffey that were intercepted by the government in any way, including but not limited to pursuant to a warrant issued under Title 18 or the Foreign Intelligence Surveillance Act.

**3.     Search warrants and related materials**

Pursuant to Fed. R. Crim. P. 12(b)(3)(C) & (b)(4)(B) and Local Criminal Rule 16.1, please produce a copy of any search warrant (with supporting application, affidavit, and return), an inventory of all materials obtained or seized as part of any search from any person or property, and a written description of any consent search or warrantless search (including an inventory of items seized), in connection with the investigation of this case.

**4.     Notice of intent to use evidence**

Pursuant to Fed. R. Crim. P. 12(b)(4)(B) and Local Criminal Rule 16.1, please identify any evidence the government intends to offer or rely upon in its case-in-chief that:

a)     Was contained in or derived from what are known as the Panama Papers; or

b)     Was contained in or derived from the materials seized by the government during the search executed at the offices of Elder, Gaffey & Paine, P.C. on August 8, 2017.

**5.     Document and objects**

Pursuant to Fed. R. Crim. P. 16(a)(1)(E) and Local Criminal Rule 16.1, please identify, produce, and make available for inspection or copying all physical evidence in the government's possession, custody, or control, including papers, documents, data, photographs, tangible objects, or other materials, that (1) the government intends to use in its case-in-chief at trial, (2) that is material to the defense, or (3) that was obtained from or belongs to Mr. Gaffey.

Please also provide a description or summary of any evidence or testimony that the government presently expects to introduce under Federal Rule of Evidence 1006, and the documents, materials, or information underlying such evidence or testimony.

**6.     Reports of physical or mental examinations and scientific tests or experiments**

Pursuant to Fed. R. Crim. P. 16(a)(1)(F) and Local Criminal Rule 16.1, please identify and make available for inspection any "results or reports of any physical or mental examination and of any scientific test or experiment" in the government's possession, custody, or control that (1) is material to the defense or (2) the government intends to use in its case-in-chief at trial.

7. **Expert witnesses**

Pursuant to Fed. R. Crim. P. 16(a)(1)(G) and Local Criminal Rule 16.1, please provide "a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial."

8. **Particulars of allegations**

Pursuant to Fed. R. Crim. P. 7(f) and Local Criminal Rule 16.1, please provide the following particulars related to allegations in the indictment (following receipt of the discovery and other documents and information requested in this letter, Mr. Gaffey reserves the right to seek additional particulars):

**Count Three: Conspiracy to Commit Tax Evasion**

a)  Please identify the "others known," referenced in ¶¶ 109 and 111 of the indictment, with whom Mr. Gaffey allegedly conspired to commit tax evasion.

b)  Please disclose the amount and method of calculation of the allegedly evaded "income tax due and owing to the United States of America by [Mr. von der Goltz]," as alleged in ¶ 110 of the indictment.

c)  Paragraph 111 of the indictment states that Messrs. Owens, Gaffey, and von der Goltz "committed the following overt acts, *among others*," in furtherance other the alleged conspiracy.  Please identify all overt acts that Mr. Gaffey allegedly committed in furtherance of the alleged conspiracy.

d)  Please identify all of the "Revack Bank Accounts" referenced in ¶¶ 43, 44, 47, 48, 51, 59, 111(c) of the indictment.

e)  Please disclose the identity of "the Investment Advisor" referenced in ¶¶ 60, 61, and 111(d) of the indictment.

**Count Four: Wire Fraud**

f)  Please identify the money and property that was allegedly obtained by false and fraudulent pretenses, representations and promises referred to in ¶ 113.

g)  Please identify the false and fraudulent pretenses, representations and promises referred to in ¶ 113.

h)  Please identify all of Mr. von der Goltz's "assets and investments" that were allegedly concealed from the IRS, as alleged in ¶ 113 of the indictment.  Additionally, please disclose the amount and method of calculation of "the income generated by those assets and investments" that, according to ¶ 113, was allegedly concealed from the IRS.

    i)   Please identify all of the "interstate and foreign wires, including emails and bank wires," that were allegedly transmitted "for the purpose of executing" the scheme alleged in ¶ 113 of the indictment.

    j)   Please describe how the transmitted wires furthered the alleged scheme "to help VON DER GOLTZ conceal his assets and investments, and the income generated by those assets and investments," as alleged in ¶ 113 of the indictment.

### Count Five: Money Laundering Conspiracy

    k)   Please identify the "others known," referenced in ¶¶ 115 and 116 of the indictment, with whom Mr. Gaffey allegedly conspired to commit money laundering.

    l)   With respect to the money laundering conspiracy alleged in ¶¶ 115 and 116, please identify any overt acts, including but not limited to any financial transactions, that Mr. Gaffey is alleged to have committed or engaged in to further the conspiracy.

    m)  Please describe how any "monetary instruments" or "funds" that were subject to the alleged money laundering conspiracy derived from the "specified unlawful activity, to wit, the wire fraud scheme."

### Counts Six through Nine: Willful Failure to File an FBAR

    n)   Please identify the accounts that were allegedly not properly disclosed to the United States Department of the Treasury, as alleged in ¶ 118 of the indictment.

**9.**    **Brady and Giglio material**

       In accordance with the timeline set forth in Section 4(C)(2) of Judge Berman's Individual Practices, the government was required to disclose Brady Material known to the government at the time of indictment on or before December 18, 2018. As we have not yet received any Brady Material. Pursuant to (a) and (b) of Section 4(C)(2) of Judge Berman's Individual Practices, please provide any Brady Material that was "known to the Government at the time of the Indictment," as well as any Brady Material that has become known to the government since the filing of the indictment.

       Additionally, without limiting this request for Brady Material in any way, we specifically ask that you disclose and identify any witness statements, documents, or other evidence of any kind that suggest, indicate or otherwise relate to the fact that the allegedly concealed assets (which the government has alleged belong to Mr. von der Goltz) belong in whole or in part to third parties, including but not limited to Mr. von der Goltz's mother, Erika Nottebohm de von der Goltz.

       With respect to Giglio Material, we understand that Section 4(C)(2)(c) of Judge Berman's Individual Practices requires the government to produce any responsive material four weeks prior to the start of trial or guilty plea. However, given the broad geographic and temporal scope of the allegations in this case, we would appreciate receiving this material as soon as possible to make effective use of it in mounting a defense. *See United States v. Coppa*, 267 F.3d 132, 146 (2d Cir. 2001) (holding that, among things, "the Government 'suppresses' evidence within the meaning of *Brady* only if it fails to disclose *Brady* and *Giglio* material in time for its effective use at trial or at a plea proceeding; and the time required for effective use of a particular item of evidence will depend

on . . . the particular circumstances of the case"); *see also Leka v. Portuondo*, 257 F.3d 89, 100 (2d Cir. 2001) (observing that, in the context of *Brady* disclosures, "the longer the prosecution withholds information, or (more particularly) the closer to trial the disclosure is made, the less opportunity there is for use"); *United States v. Underwood*, No. 04-CR-424(RWS), 2005 WL 927012, at *2-3 (S.D.N.Y. Apr. 21, 2005) ("Defense counsel must be given sufficient time to investigate and make effective use of [*Giglio*] material."). Specifically, we request the following information, to the extent it exists in the government's possession, custody, or control:

a) <u>Information concerning the veracity, credibility and motivation of anticipated government witnesses</u>

Please provide a full and complete statement of any information tending to cast doubt on any potential government witness's veracity or credibility, including any motivation to lie, provide incomplete or inaccurate information, or shade the truth, or any bias, prejudice, grudge or animus against Mr. Gaffey. Please also include any information and related documentation about examinations, including polygraphs, which concluded in whole or in part that any potential government witness or informant was not telling the truth as to any answer, or that could not determine that the witness was telling the truth.

b) <u>Information concerning poor memory of government witnesses</u>

Please provide a full and complete statement of any information and related documentation tending to show the poor, incomplete, enhanced or inaccurate memory of any potential government witness, including all statements by the witness or any other person regarding the quality of the witness's memory in general or with respect to the events at issue in the indictment.

c) <u>Prior or subsequent inconsistent statements of government witnesses</u>

Please provide a full and complete statement and related documentation of any statement, made orally or in writing, by any potential government witness that is inconsistent with any other statement of that witness, whether or not made to a government agent, in the government's custody, possession or control or can be obtained through reasonable diligence.

d) <u>Treatment information affecting credibility or accuracy of government witnesses</u>

Please provide a full and complete statement of any treatment of any potential government witness for drug abuse, alcoholism, or a physical, mental, visual or psychiatric disease, defect, disorder, condition, limitation or impairment, including the identity of the treating physician and treatment facility, the dates of such treatment and all records relating to such treatment that are in the government's custody, possession or control or can be obtained through reasonable diligence. In addition, please provide a full and complete statement and related documentation, if any, indicating whether any potential government witness suffers or suffered from alcohol or drug abuse which may affect or have affected the witness's judgment, perception or memory. This request includes impeachment and other information contained in

the personnel files of government witnesses that are required to be produced pursuant to *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1990); USAM § 9-5.001.

e)  Prosecutable federal offenses committed by government witnesses

Please provide a full and complete statement of any prosecutable offenses known to the government or discoverable through reasonable diligence, to have been committed by any potential government witness.

**10.    Statements of co-conspirators**

Please provide any witness statements that the government intends to offer in its case-in-chief at trial as a statement of a co-conspirator pursuant to Fed. R. Evid. 801(d)(2)(E).

**11.    Grand jury testimony and evidence**

Please provide copies of all grand jury testimony and exhibits.

**12.    Prior bad acts evidence**

Please provide a general description, including the approximate date, time and place of any alleged wrong, crime, or "bad act" the government intends to offer as evidence against Mr. Gaffey pursuant to Fed. R. Evid. 404(b), and the names of any witnesses who will be called to testify as to that evidence. To the extent the government intends to offer statements of Mr. Gaffey as evidence pursuant to Fed. R. Evid. 404(b), please produce all documents pertaining to or evidencing such statements.

**13.    Notes**

Please preserve any and all notes, emails, and investigative files of any of the agents or Assistant United States Attorneys who participated in the investigation of Mr. Gaffey.

Please feel free to call me if you have any questions about these requests or wish to discuss them.

Sincerely,

William J. Lovett

Partner
william.lovett@hoganlovells.com
D + 1 617 371 1007