UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
UNITED STATES OF AMERICA,                              :
                                                       :
                -v.-                        :         18 Cr. 693 (RMB)
                                                       :
RAMSES OWENS,                                          :
   a/k/a "Ramses Owens Saad,"                         :
DIRK BRAUER,                                           :
RICHARD GAFFEY,                                        :
   a/k/a "Dick Gaffey," and                            :
HARALD JOACHIM VON DER GOLTZ,                          :
   a/k/a "H.J. von der Goltz,"                         :
   a/k/a "Johan von der Goltz,"                        :
                                                       :
              Defendants.                      :
------------------------------------------------------------------------x

**DECLARATION OF ROBERT B. BUEHLER
IN SUPPORT OF RICHARD GAFFEY'S MOTION
FOR AN ORDER COMPELLING THE GOVERNMENT
<u>TO IDENTIFY THE DOCUMENTS IT INTENDS TO USE AT TRIAL</u>**

      I, ROBERT B. BUEHLER, hereby affirm as follows:

      1.     I am a member of the bar of this Court and a partner at Hogan Lovells US LLP, attorneys for defendant Richard Gaffey. I make this Declaration, based on firsthand knowledge, in support of Mr. Gaffey's Motion for an Order Compelling the Government to Identify the Documents It Intends to Use at Trial.

      2.     This Declaration attaches documents relevant to this motion and also summarizes the relevant portions of three telephone conferences with the government on March 6, 2019, April 16, 2019, and May 7, 2019, regarding the discovery produced by the government. My colleague, William Lovett, and I, representing Mr. Gaffey, participated in all of the telephone

conferences. Daniel Koffmann, counsel for defendant Harald Joachim von der Goltz, also participated in the telephone conferences on April 16, 2019, and May 7, 2019.

3. During the call with the government on March 6, counsel for Mr. Gaffey discussed various requests for information and documents that were originally set forth in the discovery letter dated January 7, 2019, that counsel had sent to the government. Defense counsel also made additional requests that had not been included in the January 7 discovery letter.

4. During the March 6 call, counsel for Mr. Gaffey specifically asked the government to explain the methodology used by the government for searching the electronically stored information ("ESI") that was seized during the search of Elder, Gaffey & Paine, on August 8, 2017, and for making sure that the attorney-client privilege was protected. The government explained that it first applied search terms to the ESI contained on the Elder, Gaffey & Paine server and other seized computers to identify documents that fell within the scope of the search warrant. The government then applied a second set of search terms to identify potentially privileged documents among the documents that were deemed to be responsive to the search warrant. After a review of the documents by the government's filter team, the government produced three sets of documents. The first set consisted of responsive documents that did not contain any of the search terms related to attorney-client privilege. The second set consisted of responsive documents that contained search terms related to the privilege but which the filter team determined not to be privileged. The first two sets of documents were made available to the prosecution team. The third set, totaling 53,017 pages, were responsive documents that the government's filter team determined to be potentially privileged and were withheld from the prosecution team. After hearing the government's explanation, defense counsel requested that the government disclose the search terms applied to the seized ESI.

5. The government said that it would consider the various requests made by defense counsel and would respond shortly.

6. Following the telephone conference with the government on March 6, 2019, defense counsel sent the government an email that set forth the topics that had been discussed during the conference.

7. During the call on April 16, 2019, counsel for Mr. Gaffey and Mr. von der Goltz discussed with the government the bill of particulars motion filed by Mr. Gaffey, and joined by Mr. von der Goltz, as well as some additional discovery issues. In particular, counsel for Mr. Gaffey alerted the government to the fact that emails and other documents protected by the attorney-client privilege and work-product doctrine had been included in the government document production. Specifically, defense counsel stated that the production contained communications between Mr. Gaffey and his counsel in this matter, as well as communications involving Abrahm Smith of Baker & McKenzie, a lawyer for Mr. von der Goltz, that were included on privilege logs that had been produced to the government. The following day, counsel for Mr. Gaffey sent an email to the government in which it memorialized this issue, as well as the other matters that had been discussed during the call. Defense counsel requested that the prosecutors handling this case not have access to any of these privileged materials until the matter could be addressed by the Court.

8. In an email dated April 18, 2019, the government responded by stating that the prosecution team had asked the filter team to claw back all of these communications until any issues related to attorney-client privilege are resolved.

9. On May 7, 2019, the government informed counsel for Mr. Gaffey and Mr. von der Goltz that it was making an additional production of documents as part of its discovery. The

documents include approximately 55,000 additional pages of documents that were seized during the search of Elder, Gaffey & Paine, which were apparently reviewed by the filter team and cleared for production, but were inadvertently left out of the earlier productions. In addition, the government will be producing documents that it received pursuant to an MLAT request to Germany. These documents will be produced on a rolling basis.

10. Attached hereto as Exhibit 1 is a true and correct copy of the discovery letter, dated January 7, 2019, that counsel for Mr. Gaffey sent to the government.

11. Attached hereto as Exhibit 2 is a true and correct copy of the production letter, dated January 18, 2019, that the government sent to counsel for Mr. Gaffey.

12. Attached hereto as Exhibit 3 is a true and correct copy of the production letter, dated February 20, 2019, that the government sent to counsel for Mr. Gaffey.

13. Attached hereto as Exhibit 4 is a true and correct copy of the email sent by counsel for Mr. Gaffey to the government memorializing the issues raised during the telephone conference on April 16, 2019, including the fact that communications protected by the attorney-client privilege and the work-product doctrine were contained in the government's discovery productions, and the government's response, which was sent to defense counsel on April 18, 2019.

14. Attached hereto as Exhibit 5 is a true and correct copy of the search warrant for the offices of Elder, Gaffey & Paine, which was issued on August 4, 2017.

15. Attached hereto as Exhibit 6 is a true and correct copy of a letter, dated August 9, 2017, sent by counsel for Mr. Gaffey to the government regarding the search of Elder, Gaffey & Paine, which was executed on August 8, 2019.

16. Attached hereto as Exhibit 7 is a true and correct copy of the email sent by counsel for Mr. Gaffey to the government setting forth the topics discussed in the March 6, 2019 telephone conference with the government and the government's response, which was sent to defense counsel on March 15, 2019.

17. Attached hereto as Exhibit 8 is a true and correct copy of pages 20 to 27 of the transcript of the suppression hearing in *United States v. Wey*, 256 F. Supp. 3d 355 (S.D.N.Y. 2017) (No. 15-611).

Pursuant to 28 U.S.C. § 1746, I declare under penalty that the foregoing is true and correct.

Executed on May 7, 2019

By: /s/ Robert B. Buehler
    Robert B. Buehler