UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
UNITED STATES OF AMERICA,                         :
                                                  :
              -v.-                                :          18 Cr. 693 (RMB)
                                                  :
RAMSES OWENS,                                     :
   a/k/a "Ramses Owens Saad,"                     :          **Oral Argument Requested**
DIRK BRAUER,                                      :
RICHARD GAFFEY,                                   :
   a/k/a "Dick Gaffey," and                       :
HARALD JOACHIM VON DER GOLTZ,                     :
   a/k/a "H.J. von der Goltz,"                    :
   a/k/a "Johan von der Goltz,"                   :
                                                  :
              Defendants.                         :
-------------------------------------------------------------------x

# REPLY MEMORANDUM OF LAW IN SUPPORT OF
# RICHARD GAFFEY'S MOTION FOR A BILL OF PARTICULARS

HOGAN LOVELLS US LLP

William J. Lovett

100 High Street, 20th Floor
Boston, MA 02110
Telephone: (617) 371-1007

Robert B. Buehler

390 Madison Avenue
New York, NY 10017
Telephone: (212) 918-3261
Fax:  (212) 918-3100

*Attorneys for Defendant Richard Gaffey*

## TABLE OF CONTENTS

**Page(s)**

PRELIMINARY STATEMENT ...................................................................................................1

ARGUMENT ...................................................................................................................................2

    A.    Mr. Gaffey Is Entitled to Particulars Regarding
           The Alleged Tax Evasion ................................................................................3

    B.    Disclosure of Unindicted Co-Conspirators Should Be Required ..........................6

CONCLUSION ................................................................................................................................9

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*United States v. Barnes*,
  158 F.3d 662 (2d Cir. 1998) ....................................................................................................3

*United States v. Falkowitz*,
  214 F. Supp. 2d 365 (S.D.N.Y. 2002) ......................................................................................7

*United States v. Nachamie*,
  91 F. Supp. 2d 565 (S.D.N.Y. 2000) .....................................................................................6, 7

*United States v. Sloan*,
  939 F.2d 499 (7th Cir. 1991) ...................................................................................................5

*United States v. Walker*,
  922 F. Supp. 732 (N.D.N.Y. 1996) ..........................................................................................8

**Other Authorities**

Fed. R. Crim. P. 7(f) ..................................................................................................................1, 3

Fed. R. Crim. P. 16 ..........................................................................................................................2

Richard Gaffey respectfully submits this reply memorandum of law in further support of his motion for a bill of particulars pursuant to Federal Rule of Criminal Procedure 7(f).

## PRELIMINARY STATEMENT

Richard Gaffey is charged with conspiring to commit tax evasion on a grand scale, yet the government refuses to provide him with even the most rudimentary details underlying this charge, including the unreported income, the tax that is allegedly due and owing, and even the tax years at issue. Instead, the government responds to Mr. Gaffey's limited and quite specific requests with its customary reliance on the length of its charging documents and the volume of its discovery. The government's refusal to provide this basic information establishes just how weak its position is. There is no legal justification for withholding from Mr. Gaffey the most basic elements of the charges against him.

Significantly, the government's conduct following the filing of the motion for a bill of particulars demonstrates that the government realized that its indictment and discovery were *not* sufficient to adequately apprise Mr. Gaffey of the charges against him. Shortly after the motion was filed, the government provided defense counsel with several important pieces of evidentiary information, including witness statements and grand jury testimony (albeit heavily redacted) concerning the beneficial ownership of entities and accounts central to the allegations, the names of the banks where several disputed accounts were maintained, and the identity of the financial advisor referred to in several paragraphs of the indictment. The government's delayed production of these supplementary materials and information fully validates Mr. Gaffey's claim that the indictment is lacking. Yet, these after-the-fact disclosures do not cure the deficiencies that forced Mr. Gaffey to file his motion in the first place. Indeed, the fact that the government

explicitly rejected Mr. Gaffey's request for details concerning the tax loss is both revealing and indicative of the weakness of its case.

As it typically does in response to motions for a bill of particulars, the government argues that Mr. Gaffey's requests are an improper attempt to preview the government's case and unduly restrict its proof at trial. However, Mr. Gaffey's requests are completely proper, as they are necessary to allow him to prepare his defense, avoid surprise at trial, and secure the constitutional protection against double jeopardy.

Mr. Gaffey should not have to guess as to the fundamental aspects of the alleged tax evasion, wire fraud and money laundering conspiracies in which he is charged, nor should he be kept in the dark as to the identities of his alleged co-conspirators.

## ARGUMENT

As laid out in his opening brief, Mr. Gaffey has made a limited number of highly specific requests for particulars on fundamental aspects of the allegations against him, including certain discrete details concerning the alleged tax evasion and the identities of his co-conspirators. The government makes two primary arguments in response.

First, it contends that the indictment, the discovery, and the after-the-fact disclosures are sufficient to put Mr. Gaffey on notice of the charges against him. In particular, the government makes much of the discovery that has been produced in this case. *See, e.g.,* Opp. Br. at 1 ("the organized and electronically searchable Rule 16 discovery"); at 4 ("the well-organized and text-searchable discovery"); at 8 ("the Government's extensive and well-organized Rule 16 discovery material").[1] However, in its predictable attempt to rely on the discovery as a means of avoiding

---

[1] Mr. Gaffey's opening brief, Dkt. No. 60, is cited herein as "Opening Br." The government's opposition brief, Dkt. No. 73, is cited as "Opp. Br."

a bill of particulars, the government grossly mischaracterizes its document production, which suffers from major infirmities. Some of these deficiencies were first described in Mr. Gaffey's opening brief. Opening Br. at 17-19. After having had more time to go through and analyze the discovery at length, though, counsel for Mr. Gaffey determined that the government's production had more serious flaws and came without any meaningful guidance or roadmap. As a result, Mr. Gaffey felt compelled to file a separate motion focused solely on the problems with the discovery. *See* Dkt. No. 74. Accordingly, the government cannot credibly claim that its haphazard approach to discovery satisfies its obligations of apprising Mr. Gaffey of the charges against him.

Second, the government argues repeatedly that Mr. Gaffey is seeking a preview of its case or trying to prevent it from developing its case for trial. *See, e.g.*, Opp. Br. at 1, 4, 6-7, 11, 23. This is simply not true. As discussed in Mr. Gaffey's opening brief and further detailed herein, his requests properly seek notice of certain specific details of the charges against him, as contemplated by Rule 7(f), and do not ask the government to provide its order of proof or some broad-based theory of its case. Ultimately, however, it is immaterial whether the requested particulars will reveal certain evidence or even the government's theory of the case. *See United States v. Barnes*, 158 F.3d 662, 665 (2d Cir. 1998) (recognizing that where particulars are "necessary to give the defendant enough information . . . to prepare his defense," they are "required even if the effect is disclosure of evidence or of theories."). Mr. Gaffey is therefore entitled to the relief he seeks.

### A. Mr. Gaffey Is Entitled to Particulars Regarding The Alleged Tax Evasion

Conspicuously absent from the government's indictment, its voluminous discovery, its after-the-fact disclosures, and its opposition brief is critical information related to the tax evasion

conspiracy charge that sits at the heart of this case.  Nowhere has the government bothered to identify the unreported income on which tax should have been paid, the actual tax due and owing, and the tax years in which the income was earned.  It is no exaggeration to state that Mr. Gaffey is unable to prepare his defense without this important information.  Given that the government has alleged that Mr. Gaffey participated in this conspiracy by serving as Mr. von der Goltz's accountant and tax preparer, it is all the more imperative that he be provided with these tax-related details immediately.  Without this information, Mr. Gaffey is at a loss to establish that, in fact, no taxes were evaded.

Apparently recognizing that its disclosures to Mr. Gaffey are deficient, the government has now offered for the first time to provide the defense with "its proof as to the substantial amount of tax due and owing, and methodology it employed to make this assessment . . . no later than four weeks prior to the start of trial."  Opp. Br. at 15.  While this concession constitutes yet another admission by the government that it failed to properly apprise Mr. Gaffey of the charges against him, its offer is nonetheless inadequate.  The tax evasion conspiracy charge – as well as the IRS laws and provisions that an accountant like Mr. Gaffey would need to apply in calculating the taxes due and owing – is exceedingly complex, as evidenced by the allegations in the indictment, which span three decades, and the massive amount of discovery produced by the government, much of which consists of account statements, account opening documents, wire transfer records, distributions of funds, and related correspondence produced by various banks and financial institutions.  Four weeks is simply not enough time for Mr. Gaffey, Mr. von der Goltz, their counsel, and potential expert witnesses to review, analyze and make effective use of whatever the government produces.  The schedule is also especially unfair to the defense, as the government will have had far more than four weeks with the same information.

Trying to minimize the scope of its inadequate disclosures to the defense, the government invokes the wholly undisputed proposition that "proof at trial need not include a precise amount of unreported income or tax due but is sufficient if it shows that the amounts of income underreported and tax due were substantial." Opp. Br. at 13. This is a complete red herring, as Mr. Gaffey did not request a precise tax calculation. To the contrary, Mr. Gaffey only requested particulars that should have been pled in the indictment and that would enable him to challenge the government's charges against him, namely the unreported income, the tax due and owing, and the tax years in which the income was earned. *See United States v. Sloan*, 939 F.2d 499, 501-02 (7th Cir. 1991) (indictment sufficient to inform the defendant of the charges against him as it identified the specific tax he was obligated to pay, the tax year, his taxable income, and the amount of tax due).

Instead, in a feeble attempt to persuade the Court that it has provided sufficient particulars to Mr. Gaffey to allow him to prepare his defense, the government simply parrots the allegations in the indictment. Opp. Br. at 14. But, as Mr. Gaffey argued in his opening brief, the government's random and arbitrary references to isolated transfers and statements on balance sheets do not allow him to demonstrate that the government's methodology is flawed, that there is no unreported income, and that there is no tax due and owing by Mr. von der Goltz. Opening Br. at 7-9. Far from seeking a precise calculation from the government, Mr. Gaffey is simply requesting the most basic information that a tax preparer, such as himself, would need in order to determine if a taxpayer, such as Mr. von der Goltz, owes any taxes.

The information sought by Mr. Gaffey is necessary to contest a charge of tax evasion conspiracy that the government alleges began roughly 30 years ago and encompasses some seventeen tax years. However, the holes in the government's disclosures are glaring. For

example, the government fails to identify the specific years in which the income was allegedly received, the specific years in which income tax was allegedly owed, the source or sources of the alleged income, or how the income should have been taxed. Nor does the government identify whether the "income" was money that was actually paid to Mr. von der Goltz or instead constituted appreciation of the assets and investments that were attributed to Mr. von der Goltz by virtue of his purported ownership of these assets and investments, without a corresponding payment being made to him. Further, without knowing in which of the seventeen years – namely, 2000 to 2016 – identified in the indictment the government intends to prove that a tax was due and owing, it is impossible for Mr. Gaffey to challenge the indictment on statute of limitations grounds.

The government's last-minute offer to provide Mr. Gaffey with the requested information a mere four weeks before trial significantly hamstrings his ability to prepare any meaningful defense. Simply put, without this information now, Mr. Gaffey cannot prepare a defense to the complicated allegations that he conspired to evade Mr. von der Goltz's taxes, engage in a wire fraud scheme, and commit money laundering. To force Mr. Gaffey to wait until the eleventh hour to receive this material is unfair and unjust, and would deprive him of a fair trial.

### B.   Disclosure of Unindicted Co-Conspirators Should Be Required

Courts in this district ordinarily examine six factors to determine whether pre-trial disclosure of unindicted co-conspirators is warranted. *See United States v. Nachamie*, 91 F. Supp. 2d 565, 572-73 (S.D.N.Y. 2000). Mr. Gaffey's opening brief demonstrated that all six factors are present here. Opening Br. at 13-17.

As an initial matter, the government suggests in a footnote that the factors set out in *Nachamie* are "only one method of evaluating" whether "the charges of the indictment are so

general that they do not advise the defendant of the specific acts of which he is accused." Opp. Br. at 21, n.5. But the government does not dispute that the factors identified in *Nachamie* are appropriate for determining whether unindicted co-conspirators should be disclosed. In addition, the factors in *Nachamie* are generally accepted in this district as the proper test to resolve this question. *See, e.g., United States v. Falkowitz*, 214 F. Supp. 2d 365, 391 (S.D.N.Y. 2002) ("As such, taking account of the criteria considered in *Nachamie*, this Court regards some of the information Defendant's [sic] request to be necessary to the preparation of their defense.").

Despite its backhanded treatment of the *Nachamie* factors, the government does not appear to dispute that five of these factors support disclosure. In fact, these five factors – namely, the number of co-conspirators, the duration and breadth of the alleged conspiracy, the volume of pre-trial discovery, the danger to co-conspirators, and the potential harm to the government investigation – all weigh heavily in favor of Mr. Gaffey's request. Instead, the government's primary argument in its opposition is that the government's disclosures have otherwise provided sufficient particulars to Mr. Gaffey. Opp. Br. 23-24. But this is simply not the case.

The government relies heavily on the combination of the indictment and discovery in this case to support its opposition to Mr. Gaffey's request for the identities of his co-conspirators. But, in doing so, the government completely ignores the fact that none of these materials provides any clue from which to determine whom the government believes to have participated in the three overlapping conspiracies, other than the named defendants. The indictment repeatedly refers to the named defendants and "others known and unknown" (Indictment ¶¶ 109-111, 115-116), but does not provide any clarity as to who the unidentified "others" could be. As discussed at length in the opening brief and the separate discovery motion filed by Mr. Gaffey,

7

the voluminous discovery produced by the government – which, contrary to the government's claims, is neither well-organized nor easily searchable – does not help. The millions of pages of documents produced in discovery mention dozens and dozens, if not hundreds, of names, without providing any certainty as to whom Mr. Gaffey is alleged to have conspired with.

In opposing Mr. Gaffey's request, the government seeks to have it both ways. On the one hand, the government claims that the unindicted co-conspirators "would likely be limited to those known to Gaffey and von der Goltz, including the Defendants and/or persons who reported to one or more of them directly or indirectly." Opp. Br. at 23 (internal quotations and citations omitted); *see also* Opp. Br. at 19 ("all of whom would likely be known to Gaffey and/or von der Goltz"). On the other hand, the government opposes Mr. Gaffey's request on the grounds that disclosing the identity of unindicted co-conspirators "would only unfairly limit the government's proof" at trial, strongly suggesting that the government itself has not actually identified the unindicted co-conspirators. Opp. Br. at 23-24. This creates an almost impossible position for Mr. Gaffey as he tries to discern with whom he is alleged to have conspired over the course of nearly three decades. The government's inconsistent position begs the question: How can Mr. Gaffey be expected to know the identities of the unindicted co-conspirators when the government itself apparently has not yet determined who they are?

The government's opposition also mischaracterizes Mr. Gaffey's request for co-conspirator statements. Mr. Gaffey is not seeking early production of the government's 3500 material (Opp. Br. at 18-19); rather, Mr. Gaffey is requesting that the government produce co-conspirator statements it intends to rely on at trial in order to allow him to move to preclude any such statements that are not properly admissible. *See United States v. Walker*, 922 F. Supp. 732, 743 (N.D.N.Y. 1996) (granting defendants' motion for discovery of co-conspirators' statements

and ordering the government to produce "all the statements in its possession made during the course and in the furtherance of the conspiracy by those defendants the government does not intend to call as witnesses at trial").

If the government intends to assert that other individuals besides those indicted played a role in any of the three conspiracies in which Mr. Gaffey is charged, then it should not be permitted to withhold that information and ambush Mr. Gaffey at trial. With Mr. Gaffey's right to a fair trial at stake, the government should be ordered to identify those individuals it believes conspired with him and to produce co-conspirator statements that it intends to offer at trial so that Mr. Gaffey may raise any appropriate pre-trial challenge.

## CONCLUSION

For the reasons set forth above and in Mr. Gaffey's opening brief, the Court should order that the government provide the following particulars:

- Identification of (1) the unreported income; (2) the tax due and owing; and (3) the tax years in which the income was earned, as alleged in Count Three of the Indictment;

- Identification of (1) the money and property obtained from the wire fraud scheme; (2) the false and fraudulent pretenses, representations or promises associated with the wire fraud scheme; and (3) the interstate and foreign wires sent in furtherance of the scheme, as alleged in Count Four of the Indictment;

- Identification of the monetary instruments and funds transferred to promote the carrying on of the wire fraud scheme, as alleged in Count Five of the Indictment; and

- Identification of unindicted co-conspirators and co-conspirator statements that it intends to introduce in its case-in-chief at trial.

Dated: New York, New York
May 14, 2019

        Respectfully submitted,

        Hogan Lovells US LLP

        /s/ William J. Lovett
        William J. Lovett

        100 High Street, 20th Floor
        Boston, MA 02110
        Telephone: (617) 371-1007

        /s/ Robert B. Buehler
        Robert B. Buehler

        390 Madison Avenue
        New York, NY 10017
        Telephone: (212) 918-3261

        *Attorneys for Richard Gaffey*