```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/6/19
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA,                     :
                                              :
                              Government,     :        18 Cr 693 (RMB)
                                              :
         - against -                          :        **ORDER**
                                              :
OWENS et al.,                                 :
                              Defendant(s).   :
------------------------------------------------------------x

As discussed at today's conference, the Court hereby attaches a chart setting forth the Government's disclosures and time frames in response to the motions filed by Richard Gaffey, dated April 11, 2019 and May 7, 2019, that were joined in by Harald Joachim von der Goltz by letters, dated April 15, 2019 and May 7, 2019 respectively.

Dated: New York, New York
       November 6, 2019

                                          _____
                                                RICHARD M. BERMAN
                                                       U.S.D.J.

## United States v. Gaffey et al. 18 cr 693

| # | Motion | Response | Court Ruling |
|---|--------|----------|--------------|
| 1. | Motion for identification of the unreported income; the tax due and owing; the tax years in which the income was earned as alleged in Count Three of the Indictment | The Government will disclose to the defendants its proof as to the substantial amount of tax due and owing, and methodology it employed to make this assessment, in the form of exhibits and 3500 material for the witnesses relevant to this issue no later than four weeks prior to the start of the trial. | The Court directs that the government make its disclosures as to the substantial amount of tax due and owing, and methodology it employed to make this assessment to the defense six weeks before trial. |
| 2. | Motion for identification of the money and property obtained from the wire fraud scheme; the false and fraudulent pretenses, representations or promises associated with the wire fraud scheme; and the interstate and foreign wires sent in furtherance of the scheme, as alleged in Count Four of the Indictment | The government states it will disclose to the defense additional specific wires it intends to rely upon at trial no later than four weeks prior to trial. | The Court directs that the government make its disclosures as to the additional specific wires it intends to rely upon at trial six weeks before trial. |
| 3. | Motion for identification of the monetary instruments and funds transferred to promote the carrying on of the wire fraud scheme, as alleged in Count Five of the Indictment | The government states that the Indictment outlines specific examples of the flow of funds to and from the United States to promote the wire fraud | The Court directs that the government provide the defense with any additional transfers it intends to rely upon at trial six weeks prior to trial. |
| 4. | Motion for identification of the Panamanian and Swiss bank accounts that are alleged to have not been disclosed on Foreign | The government states it identified the Panamanian and Swiss bank accounts referenced in Counts Six through Nine. | Denied as moot. |

1

| | | |
|---|---|---|
| | Bank Account Reports, as alleged in Counts Six through Nine of the Indictment | |
| 5. | Motion for identification of unindicted co-conspirators and the unnamed investment advisor. | The government states that statements of unindicted cococonspirators will be contained within (1) statements made by witnesses that the Government has voluntarily produced to the defense pertaining to the question of the ownership of the Revack Entities; (2) trial exhibits, which the Government has agreed to provide to the defense six weeks prior to the start of the trial; and (3) 3500 material, which the government will provide to the defense sufficiently in advance of the beginning of trial so as to allow the defendants to prepare. Additionally, the government states that it disclosed the name of the investment advisor to the defendants. The Court directs that such material be provided to the defense six weeks prior to trial to the extent the government is able to complete such a production. |
| 6. & 7. | Motion to identify the seized documents and third party documents the government intends to use in its case in chief at trial | The government states it has already offered to produce a draft trial exhibit list six weeks prior to trial. The Court finds that the proposed production schedule by the government (six weeks prior to trial) is reasonable. |
| 8. | Motion to provide the defense with the search terms it used to search the ESI (electronically stored information) seized from defendant is in possession of the search warrant and the materials seized pursuant to that warrant. | The government argues that the defense is not entitled to the search terms used to review seized documents and that the defendant is in possession of the search warrant and the materials seized pursuant to that warrant. This motion is denied. See, United States v. Jack, 2009 WL 453051, *5 (E.D.Cal. Feb. 23, 2009); United States v. Fumo, 2007 WL 3232112, *5,*7 (E.D.Pa. Oct. 30, 2007); United States v. Richards, 659 F.3d 527 (6th Cir. 2011) |

2