ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

        -v.-

RICHARD GAFFEY,
   a/k/a "Dick Gaffey,"

        Defendant.
- - - - - - - - - - - - - - - - - x

SUPERSEDING
INDICTMENT

S8 18 Cr. 693 (RMB)

## COUNT ONE
### (Conspiracy)

The Grand Jury charges:

1. From at least in or about 2000 through in or about 2018, in the Southern District of New York and elsewhere, RICHARD GAFFEY, a/k/a "Dick Gaffey," the defendant, together with others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to defraud the United States and an agency thereof, to wit, the Internal Revenue Service ("IRS"), and to commit offenses against the United States, to wit, violations of Title 26, United States Code, Section 7201.

2. It was a part and an object of the conspiracy that RICHARD GAFFEY, a/k/a "Dick Gaffey," the defendant, together with others known and unknown, willfully and knowingly would and did defraud the United States and the IRS for the purpose of impeding, impairing, obstructing, and defeating the lawful governmental functions of the IRS in the ascertainment, computation,

assessment, and collection of revenue, to wit, federal income taxes.

3. It was further a part and an object of the conspiracy that RICHARD GAFFEY, a/k/a "Dick Gaffey," the defendant, together with others known and unknown, willfully and knowingly would and did attempt to evade and defeat a substantial part of the income tax due and owing to the United States of America by United States persons, in violation of Title 26, United States Code, Section 7201.

**Overt Acts**

4. In furtherance of the conspiracy and to effect the illegal objects thereof, RICHARD GAFFEY, a/k/a "Dick Gaffey," the defendant, and others known and unknown, committed the following overt acts, among others, in the Southern District of New York and elsewhere:

a. On or about November 7, 2008, a United States taxpayer ("Client-1") met with GAFFEY at a train station in Boston, Massachusetts, to discuss Client-1's desire to move funds that Client-1 held in an undisclosed offshore bank account into the United States, during which meeting GAFFEY advised Client-1 on ways to bring Client-1's offshore money into the United States without disclosing the offshore bank account to the IRS, including by "selling" a real or made-up company.

b. In or about February 2009, Client-1 traveled

to Panama from New York, New York, to meet with a co-conspirator not named as a defendant herein ("CC-1"), during which time CC-1 provided Client-1 with follow-up questions to ask GAFFEY so as to facilitate Client-1's continued concealment of Client-1's offshore account by creating a fictitious company sale.

   c. In or about May 2009, GAFFEY spoke by telephone with Client-1, who was living in New York, New York, and advised Client-1 as to how to create a fictitious company sale to facilitate the covert repatriation of approximately $3 million dollars to the United States.

   d. On or about September 14, 2007, a United States taxpayer ("Client-2") and CC-1 signed a document containing governing regulations for a legal entity named the Revack Holdings Foundation, chartered in Panama. This document identified Client-2 as the founder and first beneficiary of the Revack Holdings Foundation, making clear that he was the beneficial owner. The Revack Holdings Foundation owned certain offshore entities (the "Revack Entities"), and Client-2 held assets and made investments through the Revack Entities rather than in his own name, to conceal his ownership of those assets and investments, and the income generated by those assets and investments, from the IRS.

   e. On or about June 5, 2007, CC-1 wrote an email to GAFFEY regarding a particular Revack Entity, EMJO Investments Limited ("EMJO"), in which CC-1 stated, in substance and in part,

that the passport of Client-2, should not be provided to U.S. companies because "we cannot make a link between [Client-2] and [EMJO] inside the USA."

    f. In or about September 2014, Client-2, with the assistance of GAFFEY, filed with the United States Department of the Treasury Amended Reports of Foreign Bank and Financial Accounts, FinCEN Report 114 ("FBARs") that were materially false and incomplete, in that they falsely stated that Client-2 had signature authority, but no financial interest in, certain bank accounts at a Swiss bank (the "Swiss Bank"), including an account held in the name of EMJO (the "Swiss Bank EMJO Account") and an account owned in the name of the Revack Holdings Foundation (the "Swiss Bank Revack Account"), and omitted other offshore bank accounts at a bank in Panama (the "Panamanian Bank") in which Client-2 held a financial interest.

    g. In or about February 2016, GAFFEY and CC-1 helped Client-2 open an account for EMJO at a bank in New York, New York, including by sending emails to bankers in New York, New York, and did not disclose to the bank Client-2's beneficial ownership of EMJO.

    h. On or about May 19, 2016, during an interview conducted by representatives of the Department of Justice ("DOJ"), including law enforcement agents from New York, New York, Client-2 falsely stated, in substance and in part, that he had only

4

signature authority over the Swiss Bank EMJO Account and that the Revack Entities were beneficially owned by Client-2's elderly mother (the "Mother").

    i. In or about July 2009, GAFFEY sent an email to CC-1 and another person regarding funds that a United States taxpayer ("Client-3") had received as income. In his email, GAFFEY stated that the funds should be transferred through a Panamanian bank account and then sent to Client-3 in the United States to falsely indicate that the funds were a gift from the Mother to Client-3 rather than income earned by Client-3.

    (Title 18, United States Code, Section 371.)

## COUNT TWO
### (Wire Fraud)

The Grand Jury further charges:

  5. From at least in or about 2000 through in or about 2018, in the Southern District of New York and elsewhere, RICHARD GAFFEY, a/k/a "Dick Gaffey," the defendant, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, GAFFEY participated in

5

a fraudulent scheme to help United States taxpayers conceal assets and investments, and the income generated by those assets and investments, from the IRS, and GAFFEY transmitted and caused to be transmitted interstate and foreign wires, including emails and bank wires, for the purpose of executing this fraudulent scheme.

(Title 18, United States Code, Sections 1343 and 2.)

## COUNT THREE
### (Money Laundering Conspiracy)

The Grand Jury further charges:

6. From at least in or about May 2007 through in or about 2018, in the Southern District of New York and elsewhere, RICHARD GAFFEY, a/k/a "Dick Gaffey," the defendant, and others known and unknown, knowingly did combine, conspire, confederate, and agree together and with each other to commit money laundering, in violation of Title 18, United States Code, Section 1956(a)(2)(A).

7. It was a part and object of the conspiracy that RICHARD GAFFEY, a/k/a "Dick Gaffey," the defendant, and others known and unknown, in an offense involving and affecting interstate and foreign commerce, would and did transport, transmit, and transfer, and attempt to transport, transmit, and transfer, monetary instruments and funds from a place in the United States to or through a place outside the United States, and to a place in the United States from and through a place outside the United

States, with the intent to promote the carrying on of specified unlawful activity, to wit, the wire fraud scheme alleged in Count Two of this Indictment, in violation of Title 18, United States Code, Section 1956(a)(2)(A).

(Title 18, United States Code, Section 1956(h).)

## COUNTS FOUR THROUGH SEVEN
### (Willful Failure to File an FBAR)

The Grand Jury further charges:

8. On or about the filing due dates listed below, in the Southern District of New York and elsewhere, RICHARD GAFFEY, a/k/a "Dick Gaffey," the defendant, did knowingly and willfully fail to file, and aid and abet Client-2's failure to file, with the United States Department of the Treasury an FBAR disclosing that Client-2 had a financial interest in, and signature and other authority over, a bank, securities, and other financial account in a foreign country, to wit, foreign bank, securities, and other financial accounts at the Panamanian Bank and the Swiss Bank, which had an aggregate value of more than $10,000 during each of the years listed below:

| Count | Calendar Year | Due Date to File FBAR | Bank |
|---|---|---|---|
| 4 | 2012 | June 30, 2013 | The Panamanian Bank<br>The Swiss Bank |
| 5 | 2013 | June 30, 2014 | The Panamanian Bank<br>The Swiss Bank |

7

| Count | Calendar Year | Due Date to File FBAR | Bank |
|---|---|---|---|
| 6 | 2014 | June 30, 2015 | The Panamanian Bank |
| 7 | 2015 | June 30, 2016 | The Panamanian Bank |

(Title 31, United States Code, Sections 5314 and 5322(a);
Title 31, Code of Federal Regulations,
Sections 1010.350, 1010.306(c, d), and 1010.840(b); Title 18,
United States Code, Section 2.)

## COUNT EIGHT
### (Aggravated Identity Theft)

The Grand Jury further charges:

9. From at least in or about 2007 through in or about 2018, in the Southern District of New York and elsewhere, RICHARD GAFFEY, a/k/a "Dick Gaffey," the defendant, knowingly did transfer, possess, and use, without lawful authority, a means of identification of another person, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), to wit, GAFFEY transferred, possessed, and used the name, date of birth, government passport number, address, and other means of identification of the Mother during and in relation to the wire fraud offense charged in Count Two of this Indictment.

(Title 18, United States Code, Sections 1028A(a)(1),
1028A(b), and 2.)

### FORFEITURE ALLEGATION AS TO COUNT TWO

10. As a result of committing the wire fraud offense alleged in Count Two of this Indictment, RICHARD GAFFEY, a/k/a "Dick Gaffey," the defendant, shall forfeit to the United States,

pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461, all property, real and personal, which constitutes or is derived from proceeds traceable to the commission of the offense alleged in Count Two, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

### FORFEITURE ALLEGATION AS TO COUNT THREE

11. As a result of committing the money laundering conspiracy offense alleged in Count Three of this Indictment, RICHARD GAFFEY, a/k/a "Dick Gaffey," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), all property, real and personal, involved in the offense alleged in Count Three, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in said offense.

### Substitute Asset Provision

12. If any of the property described above as being subject to forfeiture, as a result of any act or omission of RICHARD GAFFEY, a/k/a "Dick Gaffey," the defendant,

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

c.  has been placed beyond the jurisdiction of the court;

d.  has been substantially diminished in value; or

e.  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b); Title 21, United States Code, Section 853(p); and Title 28, United States Code, Section 2461 to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

>  (Title 18, United States Code, Sections 981 and 982;
>  Title 21, United States Code, Section 853;
>  Title 28, United States Code, Section 2461.)

_____
FOREPERSON

_____
GEOFFREY S. BERMAN
United States Attorney

_____ For:
DEBORAH CONNOR
Chief, Money Laundering and
Asset Recovery Section
Criminal Division
---


c.  has been placed beyond the jurisdiction of the court;

d.  has been substantially diminished in value; or

e.  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b); Title 21, United States Code, Section 853(p); and Title 28, United States Code, Section 2461 to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

>  (Title 18, United States Code, Sections 981 and 982;
>  Title 21, United States Code, Section 853;
>  Title 28, United States Code, Section 2461.)

_____
FOREPERSON

_____
GEOFFREY S. BERMAN
United States Attorney

_____ For:
DEBORAH CONNOR
Chief, Money Laundering and
Asset Recovery Section
Criminal Division

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v.-

RICHARD GAFFEY,
a/k/a "Dick Gaffey,"

Defendant.

## INDICTMENT

S8 18 Cr. 693 (RMB)

(18 U.S.C. §§ 371, 1028A, 1343, 1956(h), 2;
31 U.S.C. §§ 5314, 5322(a))

GEOFFREY S. BERMAN
United States Attorney.

DEBORAH CONNOR
Chief, Money Laundering and
Asset Recovery Section
Criminal Division.

A TRUE BILL

Foreperson.

- TRUE BILL, INDICTMENT (SUPERSEDING)
- 2-11-2020  MJ. LEHRBURGER -