USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/28/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x
 :
UNITED STATES OF AMERICA :
 : CONSENT PRELIMINARY ORDER
 - v. - : OF FORFEITURE AS TO
 : SPECIFIC PROPERTY/
RICHARD GAFFEY, : MONEY JUDGMENT
 a/k/a "Dick Gaffey," :
 : S8 18 Cr. 693 (RMB)
 Defendant. :
- - - - - - - - - - - - - - - - - x

WHEREAS, on or about February 11, 2020, RICHARD GAFFEY, a/k/a "Dick Gaffey," (the "defendant"), was charged in an eight-count Superseding Indictment, S8 18 Cr. 693 (RMB) (the "Indictment"), with conspiracy to defraud the United States and to commit tax evasion, in violation of Title 18, United States Code, Section 371 (Count One); wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2 (Count Two); money laundering conspiracy, in violation of Title 18, United States Code, Section 1956(h) (Count Three); willful failure to file an FBAR, in violation of Title 31, United States Code, Sections 5314 and 5322(a); Title 31, Code of Federal Regulations, Sections 1010.350, 1010.306(c, d), and 1010.840(b); and Title 18, United States Code, Section 2 (Counts Four through Seven); and aggravated identity theft, in violation of Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), and 2 (Count Eight);

1

WHEREAS, the Indictment included a forfeiture allegation as to Count Two of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, of all property, real and personal, which constitutes or is derived from proceeds traceable to the commission of the offense charged in Count Two of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count Two of the Indictment;

WHEREAS, the Indictment included a forfeiture allegation as to Count Three of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), of all property, real and personal, involved in the offense charged in Count Three of the Indictment or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in the offense charged in Count Three of the Indictment;

WHEREAS, the Indictment also included a substitute asset provision providing notice that if as a result of the defendant's actions or omission forfeitable property is unable to be located or obtained, the United States would seek, pursuant to Title 18, United States Code, Section 981 and 982; Title 21, United States

Code, Section 853; and Title 28, Untied States Code, Section 2461 the forfeiture of any other property of the defendant;

WHEREAS, on or about February 28, 2020, the defendant pled guilty to Counts One through Eight of the Indictment, pursuant to a plea agreement with the Government, wherein the defendant admitted the forfeiture allegation with respect to Counts Two and Three of the Indictment and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(1), and Title 28, United States Code, Section 2461(c): (i) a sum of money equal to $5,373,609 in United States currency, representing proceeds traceable to the commission of Count Two and the amount of property involved in Count Three; and (ii) all right, title, and interest of the defendant in the following Specific Property: (1) any and all funds formerly on deposit in First Republic Bank accounts held in the name of EMJO Investments Limited; and (2) any and all funds formerly on deposit in Credit Suisse bank accounts in the name of Union Properties, Inc. (1 and 2, together the "Specific Property");

WHEREAS, the defendant further agreed to forfeit to the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c) all right, title, and interest of the defendant in $873,412 worth of assets held in the Elder Gaffey & Paine PC Profit Sharing Plan and Trust,

administered by Paychex.com, in account number 008482-0024-00244092 (the "Substitute Asset");

WHEREAS, the defendant consents to the entry of a money judgment in the amount of $5,373,609 in United States currency, constituting $873,412 representing proceeds traceable to the offense charged in Count Two of the Indictment and $4,500,197 representing property involved in Count Three of the Indictment that the defendant personally obtained;

WHEREAS, the defendant further consents to the forfeiture of all his right, title, and interest in the Specific Property, which constitutes property involved in the offense charged in Count Three of the Indictment;

WHEREAS, the defendant admits that, as a result of acts and/or omissions of the defendant, the proceeds traceable to the offense charged in Count Two of the Indictment that the defendant personally obtained and the property involved in Count Three of the Indictment cannot be located upon the exercise of due diligence, with the exception of the Specific Property;

WHEREAS, the defendant consents to the forfeiture of all his right, title and interest, in the Substitute Asset; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled,

pending any assertion of third-party claims, to reduce the Specific Property and the Substitute Asset to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Geoffrey S. Berman, United States Attorney, Assistant United States Attorneys, THANE REHN and EUN YOUNG CHOI of counsel, and the defendant, and his counsel, WILLIAM LOVETT, Esq. and ROBERT BUEHLER, Esq., that:

1. As a result of the offenses charged in Counts Two and Three of the Indictment, to which the defendant pled guilty, a money judgment in the amount of $5,373,609 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count Two of the Indictment that the defendant personally obtained and the amount of property involved in the offense charged in Count Three of the Indictment, shall be entered against the defendant.

2. As a result of the offense charged in Count Three of the Indictment, to which the defendant pled guilty, all of the defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3. Pursuant to 21 U.S.C. § 853(p), all of the defendant's right, title and interest in the Substitute Asset is hereby forfeited to the United States of America, for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853(n).

4. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the defendant, RICHARD GAFFEY, and shall be deemed part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

5. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable to the United States Department of Treasury, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the defendant's name and case number.

6. The United States Department of Treasury is authorized to deposit the payments on the Money Judgment in the Treasury Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

7. Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and the Substitute Asset and to hold such property in its secure custody and control.

8. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the defendant, claiming interest in the Specific Property or the Substitute Asset must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

9. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property or

7

the Substitute Asset, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property or the Substitute Asset, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property or the Substitute Asset, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

10. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

11. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property and the Substitute Asset pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment. The Government agrees to accept the forfeiture of the Substitute Asset as full satisfaction of the Money Judgment upon the entry of a Final Order of Forfeiture as to the full amount of the Substitute Asset.

12. If for any reason the Court does not enter a Final Order of Forfeiture as to the full amount of the Substitute Asset, then pursuant to 21 U.S.C. § 853(p), the United States is authorized to seek forfeiture of substitute assets of the defendant up to the uncollected amount of the Money Judgment.

13. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

14. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

15. The Clerk of the Court shall forward three certified copies of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment to Assistant United States Attorney Alexander J. Wilson, Co-Chief of the Money Laundering and Transnational Criminal Enterprises Unit, United States Attorney's Office, One St. Andrew's Plaza, New York, New York 10007.

[THE REMAINDER OF THIS PAGE HAS BEEN LEFT BLANK INTENTIONALLY]

16. The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York

By: _____   2/28/2020
THANE REHN/EUN YOUNG CHOI              DATE
Assistant United States Attorneys
One St. Andrew's Plaza
New York, NY 10007
(212)637-2354/2187


RICHARD GAFFEY

By: _____   2/28/2020
RICHARD GAFFEY                         DATE

By: _____   2/28/2020
WILLIAM LOVETT/ROBERT BUEHLER, ESQ.    DATE
Attorneys for Defendant
100 High Street – 20th Floor
Boston, MA 02110

SO ORDERED:

_RMB_____   2/28/00
HONORABLE RICHARD M. BERMAN            DATE
UNITED STATES DISTRICT JUDGE