**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

June 19, 2020

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/30/2020
```

**BY ECF**

The Honorable Richard M. Berman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *United States v. Harald Joachim von der Goltz and Richard Gaffey*,
        18 Cr. 693 (RMB)

Dear Judge Berman:

The Government respectfully submits this letter in response to Defendant Harald Joachim von der Goltz's request that the sentencing in this case, which is currently scheduled for July 23, 2020, be conducted via video or teleconference. The Government submits that the standard for a video teleconference sentencing as set forth in the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") is not met here, and requests that the Court adjourn the sentencing to the earliest available date on which the Court anticipates that an in-person sentencing proceeding can be conducted.

The CARES Act provides that, subject to certain requirements, video teleconferencing and telephone conferencing may be used in criminal proceedings during the COVID-19 pandemic. With respect to felony pleas and sentencing hearings, Section 15002(b) of the CARES Act allows for the proceeding to be held via video teleconferencing and telephone conferencing when the district judge "in a particular case finds for specific reasons that the plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice." *See also* 20 Misc. 176 (CM), SDNY Standing Order No. M10-468 (authorizing the use of video or telephone conferencing for felony pleas under Rule 11 and felony sentencings under Rule 32 only upon a finding by the presiding judge that the "proceeding cannot be further delayed without serious harm to the interests of justice.") (Mar. 30, 2020).

The Government respectfully submits that sentencing in this case at this time does not satisfy the standard for video teleconferencing required by the CARES Act. Notably, the CARES Act requires both the consent of the defendant and a finding by the Court that there are "specific reasons" that further delay would cause "serious harm to the interests of justice." No such specific

June 19, 2020
Page 2

reasons are apparent here. The defendant states that he is experiencing "uncertainty and stress" during the pendency of this case, but these are circumstances experienced to some degree by every criminal defendant. While von der Goltz refers to his health conditions and advanced age, he does not claim that these conditions themselves are a basis for delay, but merely argues that these conditions contribute to the stress he is feeling over the delay in sentencing. If a defendant's "uncertainty and stress" about the conclusion of his case constituted "serious harm to the interests of justice," then the CARES Act would essentially permit any sentencing to proceed remotely upon request of the defendant. However, the law sets forth a high standard of factual finding that must be made in addition to a defendant's consent, and the Government respectfully submits that there are no facts about this case in particular that would require sentencing to proceed in July.

Nor is the delay at issue in this case exceptional. Von der Goltz entered a guilty plea on February 18, 2020, just four months ago. While the COVID-19 pandemic has caused a temporary delay in sentencing, which was originally scheduled to take place on June 24, this delay has not been significantly far out of the ordinary at this point. Last week, the Chief Judge of this District issued a standing order describing the progress on the Court's Reentry Plan for resuming court operations, noting that Phase I of the Reentry Plan commenced on June 15. 20 Misc. 196 (CM), SDNY Standing Order No. M10-468 (June 12, 2020). The order further states that Phase II of New York City's reopening plan is anticipated in July, with further reopening anticipated should health conditions in the city continue their positive trajectory. Thus, it is reasonable to expect that waiting for resumption of in-court proceedings will not result in an "indefinite delay," but a relatively short delay into the late summer or early fall. Von der Goltz does not articulate any particular prejudice that would be caused by a delay in his sentencing until in-person proceedings can be conducted, aside from the stress he asserts is caused by the continued pendency of this matter. Nor does it appear that any third parties or victims would be prejudiced by a delay in sentencing. As a result, a delay of sentencing until it can be held in open court would not result in "serious harm to the interests of justice."[1]

---

[1] The defendant cites *United States v. Cohen*, No. 19 Cr. 741 (WHP), in which the court granted a defendant's request for a remote sentencing over the Government's objection. However, Judge Pauley's opinion in that case relied heavily on the fact that the defendant was in home confinement, and would not receive credit for his time in home confinement as part of the sentence he ultimately received. *See Cohen*, No. 19 Cr. 741, Dkt. No. 41, at 4 (May 19, 2020). That particular circumstance is not present here, as von der Goltz is not on home confinement. The other cases cited by the defendant appear all to have been cases in which the parties agreed that the CARES Act standard was met.

June 19, 2020
Page 2

    The Government also respectfully notes that it has conferred with counsel for the defendant Richard Gaffey, whose sentencing is scheduled for July 27, 2020. Counsel for Gaffey and the Government have agreed that, with respect to Gaffey, a further delay would not cause serious harm to the interests of justice at this point in time, and Gaffey also does not consent to a teleconference sentencing at this time. Accordingly, the Government and Gaffey respectfully request that Gaffey's sentencing be rescheduled for the earliest available date on which the Court expects that an in-person sentencing can be conducted.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York

DEBORAH CONNOR
Chief, Money Laundering and Asset Recovery
Section, Criminal Division

By: _/s/ Thane Rehn_
Eun Young Choi and Thane Rehn
Assistant United States Attorneys
(212) 637-2187/2354

Michael Parker
Trial Attorney, Criminal Division

cc:    Defense Counsel (by ECF)

---

Mr. Von der Zwolz ool's sentencing is
adjourned to: 12/2/2020 at 11:00 am.
Mr. Gaffey ool's sentencing adjourned to
: 12/2/2020 at 10:30 am. The parties'
represective sentencing submission
schedules are again unchanged.

SO ORDERED:
Date: 6/30/2020     _Richard M. Berman_
Richard M. Berman, U.S.D.J.