


U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 19, 2021

**BY EMAIL WITH REDACTED VERSION TO BE FILED ON ECF**

The Honorable Richard M. Berman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:   *United States v. Richard Gaffey*, 18 Cr. 693 (RMB)

Dear Judge Berman:

    The Government writes in further opposition to defendant Richard Gaffey's motion for compassionate release, and in response to Gaffey's Reply Brief and further letters in support. (*See* Dkt. Nos. 280 ("Gaffey Reply"), 281 ("Notice of Exhaustion of Administrative Remedies"); 282 ("Notice Regarding Additional Death at FMC Devens"); *see also* Dkt. No. 283 (Order of Court for Government to respond on or before February 19, 2021)). Because this letter will discuss the medical condition of a now-deceased inmate at FMC Devens, the Government respectfully requests, with the defense's consent, that this letter be filed under seal by the Court, with a redacted version filed publicly on ECF.

    To begin, the Government agrees with the defense that Gaffey has now exhausted his administrative remedies. However, the Government respectfully submits that Gaffey's request for immediate release should be denied, in light of the Section 3553(a) factors.

    First, none of the arguments raised by Gaffey in his Reply (Dkt. No. 280) were unknown to the Court at the time of his sentence, when the Court carefully weighed the 3553(a) factors and imposed a just sentence that included a period of incarceration, significantly below the Guidelines range. Indeed, as described in the Government's Opposition, the Court took under advisement and considered the consequences that the pandemic would have upon the conditions of confinement for inmates such as Gaffey. (*See* Dkt. No. 279 ("Gov't Opp"), at 6-7). These consequences included, for instance, the fact that the Bureau of Prisons ("BOP") would have to implement quarantine and isolation protocols to minimize the spread of any potential infections—protocols that resulted in harsher than normal conditions for all new and transferred inmates since approximately March 2020. Thus, to the extent Gaffey is asserting he should now be sentenced to

Hon. Richard M. Berman
February 19, 2021

time served because of the "harsh solitary confinement" he endured upon entering the facility (*see* Gaffey Reply at 3-4), the use of quarantines and isolation protocols by the BOP were facts that were known to the parties and the Court at the time of his sentencing in September 2020, and were considered by the Court in imposing a sentence significantly below the Guidelines range. (*See, e.g.,* Sentencing Tr. at 42 (Gaffey's counsel noting that if Gaffey were to report to a "facility as the current BOP protocol, he would be held in solitary confinement" without visitors, resulting in a "much more harsh penalty" than in a "world without COVID-19"). *See, e.g.,* BOP Implementing Modified Operations, *available at* https://www.bop.gov/coronavirus/covid19_status.jsp (cited at Gaffey Sentencing Mem. at 23 n.27).

Second, Gaffey's medical condition, and the COVID-19 situation at FMC Devens, both continue to improve. With regard to Gaffey's condition, updated medical records since the Government's last submission show that, as of January 27, 2021, he is considered "recovered from Covid and pneumonia" and "is doing well clinically." (*See* Ex. A at 3 (excerpted medical records for Gaffey)). Medical staff has been monitoring his progress through chest x-rays, as well as his diabetes treatment. (*See, e.g.,* Ex. A at 1, 3). Gaffey also recently had a colonoscopy on February 9, 2021, after which he reported that he was "feeling fine." (Ex. A at 6). Gaffey will have a repeated colonoscopy scheduled for next month in light of "poor colon prep" prior to his February procedure. (Ex. A at 8, 16). With regard to FMC Devens, BOP reports that as of this morning, the current number of inmates who presently have active cases of COVID-19 is zero, down from the 42 active cases as of January 25, 2021 (*see* Gov't Opp at 9 n.4).[1] Moreover, according to BOP staff, they have started vaccinating inmates at FMC Devens late last week. The vaccination of inmates at FMC Devens will undoubtedly alleviate the spread of the disease at the facility, and further ensure that it can adequately address any future medical complications that Gaffey may face.

Third, to the extent that Gaffey points to various other COVID-19-related deaths that have occurred among inmates being held at BOP facilities, those examples cannot be directly relied upon in assessing Gaffey's present situation at FMC Devens. To take one example, Gaffey recently submitted to the Court notice of a recent death of an inmate at FMC Devens. (Dkt. No. 282).

---

[1] The BOP has informed that its public website figures for FMC Devens may presently reflect seven inmates with active cases, which is due to a delay in updating numbers, but that as of this morning, the current number of cases of COVID-19 at FMC Devens is zero.

Hon. Richard M. Berman
February 19, 2021

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ according to BOP, in instances in which an inmate who has a terminal condition tests positive for COVID-19, his or her subsequent death is counted as a COVID-related death by the BOP. Thus, Lafortune's notice of death reflected his positive COVID-19 diagnosis, even though his medical records make plain ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. As tragic as this example is, given this crucial distinction between Gaffey's present medical condition and that of Lafortune, Gaffey's situation is not comparable to that of Lafortune so as to rely upon that example (or the others provided by defense counsel, without further context) as justifying Gaffey's immediate release.

## Conclusion

For the foregoing reasons, and the reasons set forth in the Government's Opposition dated January 26, 2021 (Dkt. No. 279), Gaffey's motion for compassionate release should be denied.

Respectfully submitted,

AUDREY STRAUSS
United States Attorney

By:   /s/
Eun Young Choi / Thane Rehn
Assistant United States Attorneys
Southern District of New York
(212) 637-2187/2354

DEBORAH CONNOR
Chief, Money Laundering and Asset
Recovery Section, Criminal Division

By:   Michael Parker
Trial Attorney
Criminal Division
(202) 514-0421

3