

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 10, 2021

**BY ECF**

The Honorable Richard M. Berman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *United States v. Richard Gaffey*, 18 Cr. 693 (RMB)

Dear Judge Berman:

The Government writes in further opposition to defendant Richard Gaffey's motion for compassionate release, and in response to Gaffey's March 4, 2021 letter. (*See* Dkt. Nos. 287 ("Notice of Supplemental Authority"); 293 (Order of Court for Government to respond on or before March 10, 2021)). Gaffey's Notice of Supplemental Authority raises three arguments, but none of those arguments support his request for immediate release, and the Government respectfully submits that Gaffey's motion should be denied for the reasons previously submitted.

First, the Notice of Supplemental Authority refers to the CDC guidance that Gaffey is not currently eligible for the COVID-19 vaccine because he received convalescent plasma treatment for COVID-19 while hospitalized, and the CDC recommends a 90-day period after receiving this treatment before receiving the vaccine. (*See* Dkt. No. 287 at 1). It is unclear how this would support Gaffey's request for immediate release. The CDC guidance applies to all persons who have received convalescent plasma treatment, not merely incarcerated individuals. Gaffey will be eligible for the vaccine when the 90-day period expires, whether he is incarcerated at that point in time or not. Moreover, the very CDC guidance cited by Gaffey also says that "reinfection is uncommon in the 90 days after initial infection," which indicates that Gaffey is at low risk from becoming reinfected with COVID-19 at least until he becomes eligible to receive the COVID-19 vaccine. *See* https://www.cdc.gov/vaccines/covid-19/hcp/faq.html (visited March 10, 2021). There is no basis for immediate release.

Second, the Notice of Supplemental Authority refers to the BOP website showing that no inmates have received full inoculations at FMC Devens as of the present date. (*See* Dkt. No. 287 at 1). However, as the same website explains, the data provided "only reflect staff and inmates that

Hon. Richard M. Berman
March 10, 2021

have completed both doses (fully inoculated)." *See* www.bop.gov/coronavirus (visited March 10, 2021). BOP has informed the Government that approximately 51% of the inmate population at FMC Devens has received one dose, and that second doses for inmates are scheduled to commence later this week and early next week. BOP also expects to begin administering first doses to additional tiers of lower-priority inmates shortly thereafter. Additionally, approximately 75% of the staff have received one dose, and 66% of staff have received both doses. BOP has explained that prison staff have been prioritized because they "come and go between the facility and the community," and thus "present a higher potential vector for COVID-19 transmission." *Id.* Overall, BOP's rate of vaccinations of inmates and staff at FMC Devens compares favorably with the surrounding population. For example, the New York Times is currently reporting that 22.7% of Massachusetts adults have received their first dose, and 10.9% of Massachusetts adults have been fully inoculated. *See* https://www.nytimes.com/interactive/2020/us/covid-19-vaccine-doses.html (visited March 10, 2021). These data in no way support Gaffey's request for immediate release.

Third, the Notice of Supplemental Authority cites an article that advocates for "large-scale decarceration" in response to the COVID-19 pandemic. (*See* Dkt. No. 287 at 1-2; 3-5 (attaching Barsky, J.D., et al., "Perspective: Vaccination plus Decarceration – Stopping Covid-19 in Jails and Prisons," The New England Journal of Medicine, Mar. 3, 2021). However, that article rests on three premises, all of which are of little if any applicability to Gaffey's case. First, the article expresses concern that some states have not prioritized the vaccination of incarcerated people in state prisons. (*See id.* at 3-4). As noted, however, over half the inmate population at FMC Devens has already received a first dose of the vaccine, a rate that far exceeds that of the general population in Massachusetts. Second, the article argues that vaccination may not be sufficient to deal with the high rate of COVID-19 transmission in prison settings. (*See id.* at 4). However, the COVID-19 transmission estimates on which that argument is based come from a single study of a "large urban jail" in the United States that was conducted in the early days of the COVID-19 pandemic. (*See id.* at 4 (citing Puglisi et al., "Estimation of COVID-19 basic reproduction ratio in a large urban jail in the United States," Annals of Epidemiology, January 2021)). That study is of little relevance in evaluating the risk of COVID-19 transmission in a federal medical facility, in which a large percentage of the population is in the process of being vaccinated, and more than a year into the pandemic when methods to reduce transmission have been more widely implemented. Finally, the article claims that "vaccine hesitancy" may impede vaccination in prisons. (*See id.* at 4). However, the actual data at FMC Devens indicates that vaccine hesitancy is not currently a significant issue there. More than half of the inmate population has received a first dose, and that is before vaccine eligibility has even been extended to lower-priority inmates. Thus, we can anticipate that a substantial portion of the FMC Devens inmate and staff population will ultimately be vaccinated. In short, the article cited by the defense, as applied to this case, does not support Gaffey's request.

Hon. Richard M. Berman
March 10, 2021

  For the foregoing reasons, and the reasons set forth in the Government's prior submissions dated January 26, 2021 (Dkt. No. 279) and February 24, 2021 (Dkt. No. 286), Gaffey's motion for compassionate release should be denied.

             Respectfully submitted,

             AUDREY STRAUSS
             United States Attorney

By:  */s/ Thane Rehn*
    Eun Young Choi / Thane Rehn
    Assistant United States Attorneys
    Southern District of New York
    (212) 637-2187/2354

    DEBORAH CONNOR
    Chief, Money Laundering and Asset
    Recovery Section, Criminal Division

By:  Michael Parker
    Trial Attorney
    Criminal Division
    (202) 514-0421